UNITED STATES DISTRICT COURT DISTRICT OF NEBRASKA

| | |
|---|---|
| KEITH LEARD, ) | |
| ) | |
| Plaintiff, ) | Case No. _____ |
| ) | |
| vs. ) | |
| ) | **COMPLAINT, DEMAND FOR** |
| YRC, Inc., a Kansas corporation ) | **JURY TRIAL, and PRAECIPE** |
| Authorized to do business in ) | |
| Nebraska, formerly known as ) | |
| ROADWAY EXPRESS, Inc. and ) | |
| YELLOW ROADWAY CORP., ) | |
| ) | |
| Defendant. ) | |

COMES NOW, Plaintiff, Keith LEARD, and as his complaint for relief from defendant, states:

### A.  THE PARTIES

1. At all times hereinafter mentioned, Plaintiff was and still is a resident of Douglas County, Nebraska.

2. At all times hereinafter mentioned Defendant was and is a Kansas corporation, authorized to do business in the state of Nebraska.

3. At all times hereinafter mentioned Defendant had at least 25 or more employees employed and working full time in each of 20 or more calendar weeks in the current or proceeding calendar year.

### B.  JURISDICTION AND VENUE

4. The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12101, *et. seq.*

5. All transgressions forming the basis of this litigation occurred in Douglas County, Nebraska.

## C.  BACKGROUND FACTS

6. Plaintiff was an employee of Defendant for approximately twelve (12) years. During that time Plaintiff worked full time for Defendant.

7. Plaintiff's essential job was a driver/dock worker.  Plaintiff was responsible for driving a tractor trailer to deliver produce.  Plaintiff also loaded and unloaded produce from the dock and the tractor trailer.

8. Plaintiff met all obligations of the essential functions of his job, as evidenced by his nearly twelve year employment history with Defendant and regular salary increases.

9. In February 2005, Plaintiff reported to Defendant a job related injury and was suffering from bilateral carpal tunnel syndrome.

10. Plaintiff was required to be off work from March 30, 2005 until May 24, 2005 for surgeries relating to his injury.  Plaintiff was released to work again on May 24, 2005 without restrictions.

11. In June 2007, Defendant removed Plaintiff from the work schedule without pay. Defendant cited its reasons for doing so was that Plaintiff received work restrictions when reevaluated by a Dr. Clough in June 2007.

12. Defendant did not place Plaintiff on light duty or place him in any other job or offer any accommodation although such accommodations were available.

13. In November 2007, Dr. Clough again evaluated Plaintiff and removed all restrictions.

14.     Defendant did not pay Plaintiff during the time Defendant removed Plaintiff from the schedule due to his physical work restrictions.  Defendant did not provide or offer accommodation to Plaintiff for work within the Plaintiff's restrictions.

15.     Prior to filing this suit, Plaintiff filed a charge with the Equal Employment Opportunity Commission, (hereinafter "EEOC") alleging Defendant engaged in unlawful discrimination, and unlawful employment practice.  The charge was filed less than 180 days after the transgression leading to this litigation occurred.  The EEOC issued a decision finding probable cause to believe discrimination occurred.  This suit is filed more than 60 days after the charge was filed with the EEOC, and less than 90 days since the EEOC issued a "Right to Sue" letter to Plaintiff.

### D.  CAUSES OF ACTION

#### One

#### *Americans with Disability Act*

16.     Plaintiff fully incorporates paragraphs one (1) through and including sixteen (16) as fully set herein.

17.     Plaintiff suffered from bilateral carpal tunnel syndrome.

18.     Plaintiff's injury limited one or more of his major life activities, including, but not limited to, performing manual tasks, lifting, and working.

19.     Carpal tunnel syndrome is a disability under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (hereinafter "ADA").  Plaintiff was considered disabled under the ADA.  Plaintiff was regarded as disabled by his employer.

20.     Before being removed from the schedule without pay, Plaintiff was able to, and still could perform his essential job functions with reasonable accommodation.

21. Plaintiff is a qualified individual with a disability for purposes of the ADA.

22. At the time Defendant failed to provide an accommodation to Plaintiff, Defendant was an employer as defined by the ADA.

23. At the time Defendant removed Plaintiff from the work schedule without pay Defendant had actual knowledge of Plaintiff's disability.

24. Defendant discriminated against Plaintiff in violation of the ADA. More specifically, Defendant took an adverse employment action against Plaintiff as a result of his disability, without reasonable accommodation for his disability.

25. As a result of Defendant's violations of the ADA, Plaintiff sustained damages in the form of lost wages, lost employment benefits, pain and suffering, emotional distress, and humiliation.

### Two

### *Nebraska Fair Employment Practice Act*

26. Plaintiff incorporates paragraphs one (1) through and including twenty-five (25) as if fully set forth herein.

27. Plaintiff's carpal tunnel syndrome is considered a disability under the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1104(1) (hereinafter "NFEPA").

28. Plaintiff is a qualified individual with a disability as defined by the NFEPA.

29. At the time Defendant removed Plaintiff from the schedule without pay, Defendant was an employer as defined by the NFEPA.

30. When the Defendant removed Plaintiff from the schedule without pay, under the facts and circumstances as set forth above, they violated the NFEPA.

31. As a result of Defendant's violations of the NFEPA, Plaintiff sustained damages in the form of lost wages, lost employee benefits, pain and suffering, emotional distress, and humiliation.

WHEREFORE, Plaintiff respectfully requests this Court to assume jurisdiction herein as to all counts alleged herein and to grant the following relief:

a) Declare the Defendant to have violated Plaintiff's rights under the aforementioned statutes;

b) Direct the Defendants to reinstate the Plaintiff to his previously held position with an award of back pay; all job related benefits and increments to which he would be entitled, including interest thereon.

c) Award Plaintiff compensatory damages for pain and suffering, humiliation, inconvenience, and emotional distress in an amount to be determined by a jury or the Court;

d) Enjoin the Defendant from any further retaliation against Plaintiff or witnesses therefore;

e) Award Plaintiff costs and reasonable attorney fees and such other relief as the Court deems just and reasonable and appropriate to correct the wrong done to Plaintiff; and

f) Award any further relief which the Court may deem appropriate.

Plaintiff requests a jury trial.

Dated this 13th day of November, 2009.

        Respectfully submitted,
        KEITH LEARD, Plaintiff

By:    /s/Angela Burmeister
        Angela M. Burmeister, #20042
        BERKSHIRE & BURMEISTER
        1010 S. 120th Street, Suite 220
        Omaha, NE 68154
        (402) 827-7000
        (402) 827-7001- fax
        Email: aburmeister@berkshire-law.com