## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| KEITH LEARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | 8:09CV408 |
| YRC, INC., a Kansas corporation | ) | |
| authorized to do business in Nebraska, | ) | ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on plaintiff's "Amended Motion to Compel" (#53), motion to extend the deposition deadline (#68), and motion to extend the dispositive motion deadline (#70). The court assumes, without deciding, that the plaintiff complied with NECivR 7.0.1(i).

### A.   Plaintiff's Amended Motion to Compel (#53)

Plaintiff's claims arise under the Americans with Disabilities Act and the Nebraska Fair Employment Practices Act. The Amended Motion to Compel pertains to plaintiff's Request No. 17 for "employee files and any and all documents in [defendant's] possession pertaining to medical restrictions, injuries, [and] medical information of any kind" for seven individuals who are not parties to this lawsuit. Defendant objected to the request, on grounds of overbreadth, undue burden, relevancy, and because the request sought private and confidential health and medical information of non-parties.

This court considered a similar issue in *Kaufman v. Western Sugar Co-op., Inc.*, 2007 WL 2509480 at *3, Case No. 7:06cv5017 (D. Neb. Aug 29, 2007), and will employ the same analysis in this case.

The scope of discovery in federal civil actions is set out in Rule 26 of the Federal Rules of Civil Procedure.   Under Rule 26(b)(1), the parties to a lawsuit may obtain discovery regarding "any nonprivileged matter that is relevant6 to any party's claim or defense[.]"  Relevant information need not be admissible at trial "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id*.  Relevancy is broadly construed, and a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party. A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party." *Moses v. Halstead*, 236 F.R.D. 667, 671 (D. Kan. 2006) (footnotes omitted).

All discovery is subject to the limitations imposed by Rule 26(b)(2), and the court must limit discovery if it determines that:

(i)     the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).  Rule 26(c) further contemplates the issuance of protective orders "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in certain respects.

When the discovery sought appears relevant on its face, the party resisting discovery has the burden to establish that the discovery is not relevant, or is "of such marginal relevance that the potential harm

-2-

occasioned by the discovery would outweigh the ordinary presumption in favor of broad disclosure." *Moses v. Halstead*, 236 F.R.D. at 671. If the relevancy of the discovery request is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *Id.*

In this case, the relevancy of the non-parties' confidential personnel and medical records is not readily apparent. Neither the original motion to compel (#50) nor the pending Amended Motion to Compel explained how the information sought is relevant to any issue in this litigation. In the opening brief (#54), the plaintiff maintained only that the non-parties' medical records should be produced pursuant to a qualified protective order. The plaintiff only offered an explanation, by way of filing a reply brief and evidence index (#65 & #66), when forced to refute the defendant's highly persuasive arguments (*see* #61 & #62) that these records are not relevant to any issue in this lawsuit.

Even assuming the non-parties' confidential records were somehow relevant to this litigation, the plaintiff has not shown that the value of the information sought outweighs the privacy interests of the affected non-parties. This court will not compel the production of non-parties' personnel or medical records, even subject to a "qualified protective order" under HIPAA, unless the requesting party makes a "compelling showing of relevance." *See Onwuka v. Federal Express Corp.*, 178 F.R.D. 508, 517 (D. Minn. 1997). The Amended Motion to Compel is denied.

**B.   Plaintiff's Motions to Extend Deadlines (#68 & #70)**

The deposition deadline expired on August 31, 2010. Over two months later, and only four (4) days before the dispositive motion deadline, plaintiff filed a motion to "extend" the deposition deadline to November 30, 2010 because plaintiff would like to depose a former employee of the defendant. The record shows that the plaintiff himself identified this individual as a trial witness in his April 1, 2010

-3-

discovery responses (#69-2 at p.2) and in supplemental interrogatory responses served on May 19, 2010 (#69-2 at p. 8). Having known of this individual for essentially the entire duration of the lawsuit, the plaintiff did not seek to conduct any deposition until approximately September 20, 2010.[1]  Nor does it appear that plaintiff contacted this individual until after the close of discovery.  The court finds that the plaintiff has not shown good cause for reopening the deposition deadline or for extending the dispositive motion deadline.

## ORDER

**IT IS ORDERED:**

1.   Plaintiff's Amended Motion to Compel (#53) is denied.

2.   Plaintiff's Motion to Extend Deposition Deadline (#68) is denied.

3.   Plaintiff's Motion to Extend the Dispositive Motion Deadline (#70) is denied.

**DATED January 10, 2011.**

**BY THE COURT:**

**s/ F.A. Gossett, III**
**United States Magistrate Judge**

---

[1] Apparently, plaintiff's counsel attempted to obtain an informal statement from this witness shortly after the deposition deadline expired, but did not identify herself to the witness as the plaintiff's attorney. (#69-3, 9/7/2010 letter from Jennifer L. Whitney to Angela Burmeister).  Defense counsel demanded that this conduct cease; however, the defendant did not take the position that plaintiff was prohibited from contacting its former non-management employees.  The defendant did ask that, when plaintiff's attorney did contact those employees, she notify them of her role as plaintiff's attorney.  (#69-5).

-4-